*Browder & Edwards, for appellants.*

---

R. G. CALDWELL, TRUSTEE, ET AL. *v.* CECILIA GRIMES, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—601.]

**Mandamus Issued to Require Town Board to Issue Liquor License.**
    Where a married woman has executed a bond with security provided by law, which has been accepted and approved, and has paid the amount of license tax fixed by town ordinance of Cave City, which has been accepted, and she offers to pay the state tax, the town may be mandated to issue to her a license, and such license can not be refused because the applicant is a married woman.

APPEAL FROM BARREN CIRCUIT COURT.

January 30, 1886.

OPINION BY JUDGE LEWIS:

Appellees, Cecilia Grimes and her husband, Martin Grimes, allege substantially in their petition that as required by the act to amend the charter of the town of Cave City, approved May 8, 1884, an election was ordered by the board of trustees and held upon the question of license or no license for the retailing of spirituous, vinous or malt liquors in said town, and that a majority of the qualified voters thereof voted in favor of the license; that after-

wards she made application to the board of trustees of said town for license to keep a coffee house with the privilege of retailing spirituous, vinous or malt liquors therein, and that she executed the bond, required by said act to be in such cases given, which bond was accepted by the trustees, and that she also paid the trustees $150, the amount of the license tax prescribed, which was accepted by them. They also state that the board of trustees did not issue to her the license, because she had first to pay the state tax of $100 imposed by law for the privilege. But they say she tendered the state tax to the secretary and clerk of the board of trustees, who refused to receive it. They therefore pray for a writ of mandamus against the secretary compelling him to accept the state tax so tendered. The appellants' general demurrer to the petition having been overruled, and no answer being given, judgment was rendered awarding the writ of mandamus prayer for.

Section 7 of the act provides "that the trustees of said town shall, in addition to the state tax, charge for such license not less than $50 nor more than $150," and § 8 that "all money accruing from said license shall be paid over by said trustees to the common-school commissioner of Barren county." Whether it was or was not the intention of the legislature to require the license tax fixed by the board of trustees in such cases as well as the state tax to be paid to the common-school commissioner, it is clear that under the act it is the duty of the board of trustees to receive from an applicant to whom they are about to grant license the latter as well as the former tax, for the money is expressly required to be paid over to the commissioner by the trustees, and not by the applicant for license.

In § 6, which makes it the duty of the trustees to grant licenses upon the conditions prescribed in the act, in case a majority of the votes be cast in favor of license, the word "spirituous" seems to be omitted, thus apparently authorizing a license to retail only vinous or malt liquors in said town. But in §§ 1 and 2 it is distinctly provided that the question to be submitted to the voters is license or no license for the retailing of spirituous, vinous or malt liquors. It is therefore manifest that the omission of the word "spirituous" in § 8 was a mistake and that the intention of the legislature was to authorize license to sell by retail spirituous as well as vinous or malt liuors in the town of Cave City, in case a

majority of the votes be cast in favor of license. Any other construction would make the use of the word "spirituous" in the preceding sections useless and involve an absurdity.

As it appears appellee, Cecilia Grimes, has already executed the bond with security provided for in the act, which has been accepted and approved, and has also paid the amount of license tax fixed by ordinance, which has been accepted by the board. We do not think the fact of her being a married woman is alone sufficient to justify the board of trustees in refusing to receive the state tax, for if she complies with all the conditions of the act, as she may do, and can be made liable for the penalties it imposes, as we think she may be, her condition alone will not justify a refusal of the license.

The judgment is *affirmed.*

*John Ritter, for appellants.*